```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                  02-CR-220(JMR/FLN)
                   07-CV-2291(JMR)
```

United States of America            )
                                    )
         v.                         )      ORDER
                                    )
James Hull                          )

Petitioner, James Hull, invokes 28 U.S.C. § 2255 in order to vacate, set aside, or correct his sentence, based on his claim of ineffective assistance of counsel. He asks the Court to allow him to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Both motions are denied. No certificate of appealability shall issue.

I.  Background

There is no honor among thieves. By way of example, in May, 2002, a Minnesota drug dealer named Brian Weaver ordered 484 pounds of marijuana from his supplier, Daniel Connor. Connor did not know that Weaver was cooperating with Minnesota law enforcement at the time. Connor was arrested when he delivered the drugs to Minnesota on May 13, 2002. Sensing the way the wind was blowing, Connor agreed to cooperate against his source, petitioner, James Hull, who had regularly supplied him with large quantities of marijuana since 1996.

Connor called Hull from jail to set up the deal. Their historic practice had been to meet on Thursdays in San Francisco's Golden Gate Park. At these meetings, Connor would pay Hull for the shipment, with delivery going to Hull's sister's garage the

following Sunday. Connor would then drive the contraband from California to Minnesota. This time -- allowing for his custodial status -- Connor convinced Hull to meet up with his "Uncle," an undercover officer.

On July 11, 2002, the undercover officer rendezvoused with Hull at Golden Gate Park. The agent gave the petitioner a backpack, supposedly containing money for the marijuana. When Hull accepted the backpack and placed it in his van, he was arrested. Officers then searched the homes of petitioner and his sister. Among other things, at petitioner's home they found two loaded firearms and 50 newly planted marijuana cuttings. On July 23, 2002, a federal grand jury in Minnesota indicted petitioner on charges of conspiracy to distribute, and distribution of, marijuana.

The case was tried to a jury in August, 2003. At trial, the government presented evidence showing that petitioner sold large quantities of marijuana to Connor for distribution in Minnesota. Petitioner testified, and told the jury he was only a buyer, and Connor was the large-scale seller. The jury did not believe him, and convicted him of both the conspiracy and distribution counts. The jury found the conspiracy involved more than 1,000 kilograms (2,200 pounds) of marijuana. In February, 2004, petitioner was sentenced to 188 months' imprisonment. Petitioner appealed his conviction to the Eighth Circuit Court of Appeals, which affirmed

his sentence on September 19, 2005.  <u>United States v. Hull</u>, 419 F.3d 762, 772 (8th Cir. 2005).  He timely filed the instant motions on May 14, 2007 [Docket Nos. 90, 91].

II.  <u>Analysis</u>

   A.  <u>Ineffective Assistance of Counsel</u>

Upon consideration of the merits, the petition fails. Petitioner claims his trial and appellate counsel were ineffective. To prevail on this claim, he must show both that counsel's performance was deficient, and that he suffered actual prejudice as a result.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Prejudice means "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  <u>Id.</u> at 694.  Petitioner must show counsel's deficient performance rendered the proceedings fundamentally unfair or unreliable.  <u>El-Tabech v. Hopkins</u>, 997 F.2d 386, 389 (8th Cir. 1993).  The Court "need not address the competency of counsel's performance if the prejudice issue is dispositive[.]"  <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998).

   1.  <u>Conspiracy Instructions</u>

Petitioner claims trial counsel failed to object to the Court's conspiracy instructions.  To establish participation in a conspiracy, the government was required to prove that "(1) an

agreement existed between two or more people to accomplish an illegal purpose; (2) petitioner knew of the conspiracy; and (3) petitioner knowingly joined and participated in the conspiracy." United States v. Hayes, 391 F.3d 958, 961 (8th Cir. 2004). The jury was instructed to this effect, see T. 549-50, and was specifically told that "merely being present" at an event or "acting in the same way as others" or "associating with others" was not sufficient proof of conspiracy. T. 550.[1]

The Court's instruction contemplated a single conspiracy whose objective was distributing drugs in Minnesota. At trial, petitioner's theory of defense was that there were "multiple conspiracies." In other words, while he may have sold drugs in California, he was not guilty of conspiring to distribute drugs in Minnesota, when he did not know the drugs he supplied were going to Minnesota. Petitioner claims his trial counsel failed to object to the Court's instruction, rendering counsel's representation ineffective.

As an initial matter, petitioner's claim is false. His counsel argued extensively against the Court's instruction and in favor of a multiple-conspiracy instruction. T. 381-84, 390-98. But even if counsel had not objected, petitioner would not be able to show prejudice because the Court's conspiracy instruction was

---

[1]This Order refers to the trial transcript as "T," and the sentencing transcript as "S."

proper. As the Eighth Circuit held on direct appeal, there was "clear evidence" of a single conspiracy, and petitioner was not entitled to a multiple-conspiracy instruction. Hull, 419 F.3d at 769. Counsel's alleged failure to object to the single-conspiracy instruction did not prejudice petitioner.

Hull also claims he was entitled to a jury instruction stating that a buyer-seller transaction does not constitute a conspiracy. While this is accurate, see United States v. Romero, 150 F.3d 821, 826 (8th Cir. 1998), no such instruction was warranted given the evidence presented at trial. A buyer-seller instruction is not appropriate where there is evidence of multiple transactions, where the defendant was selling rather than buying, and where the large quantity of drugs makes plain that the drugs were purchased for resale rather than personal use. See id.; see also United States v. Montano-Gudino, 309 F.3d 501, 505-06 (8th Cir. 2002). These are precisely the facts here: the government presented evidence that petitioner sold more than 2,200 pounds of marijuana over a period of years, the most recent sale involving 484 pounds of marijuana. There was, therefore, no factual basis for a "buyer-seller" instruction.

Because petitioner was not entitled to a "buyer-seller" instruction, there can be no prejudice in trial counsel's decision against requesting it, or in any failure to seek acquittal based

upon its absence.[2]  And since petitioner was not entitled to this instruction, there was no prejudice when appellate counsel did not raise it.  See Reese v. Delo, 94 F.3d 1177, 1182-83 (8th Cir. 1996) (appellate counsel not ineffective for failure to raise constitutional claim that was not supported by the evidence). Absent any a showing of prejudice, petitioner cannot establish ineffective assistance on this point.

    2.  Failure to Move for Acquittal

Petitioner's counsel was not ineffective in failing to move for a judgment of acquittal immediately after the jury's verdict of guilty.  Counsel had previously moved for acquittal at the close of the government's case, see T. 336, and did so again after both sides rested, T. 470.  As a result, he was not required to renew the motion after the jury's verdict.

There is also no prejudice.  Even if counsel never moved to acquit, such a failure is not ineffective where there is no showing that the motion would have been granted – for example, where the evidence is sufficient to sustain the conviction.  See United States v. Hood, 593 F.2d 293, 297-98 (8th Cir. 1979).  Here, the evidence was fully sufficient to convict; the absence of a motion

---

[2] Petitioner was further insulated from any prejudice by the Court's instruction that the jury could not find a conspiracy from petitioner's "mere presence" at the scene.  Compare T. 550 with Montano-Gudino, 309 F.3d at 506, and United States v. Cubillos, 474 F.3d 1114, 1119 (8th Cir. 2007) (holding "mere presence" instruction "adequately and fairly covers the substance of a 'mere buyer' theory-of-defense instruction").

to acquit after the verdict did not prejudice petitioner.

       3.  <u>Sentencing Enhancements</u>

Petitioner claims his counsel was ineffective for failing to object to sentencing enhancements. This argument is without merit.

When they searched petitioner's residence, law enforcement officials found 50 marijuana cuttings in a bathroom. There were two loaded firearms nearby – one on a night stand in the adjacent bedroom, and one in another room.

At sentencing, the Court considered these firearms and increased petitioner's offense level by two points for possession of a dangerous weapon in connection with drug activity. <u>See</u> S. 21; <u>see also</u> U.S.S.G. § 2D1.1(b)(1). Petitioner is incorrect in claiming the government had to prove he physically possessed or used a weapon at any particular location, or during any particular meeting or drug transaction. The government only had to establish it was "not clearly improbable" the weapons were connected to drug activity. <u>See</u> <u>United States v. Perez-Guerrero</u>, 334 F.3d 778, 783 (8th Cir. 2003); § 2D1.1(b)(1), application note 3. This standard was easily met, given the proximity of the loaded weapons to the cuttings. <u>See</u> <u>United States v. Betz</u>, 82 F.3d 205, 211 (8th Cir. 1996).

At sentencing, petitioner argued against the enhancement, because the marijuana cuttings had not developed enough to be considered plants, and he did not own the firearms. This Court

7

rejected both arguments. While the marijuana cutting/plant distinction is relevant in determining drug quantity under U.S.S.G. § 2D1.1(c), see United States v. Bechtol, 939 F.2d 603, 604 (8th Cir. 1991), it is meaningless when considering the firearm enhancement. Similarly, the enhancement focuses on possession, rather than ownership, of the firearms. Ownership of the guns is of no moment; he clearly possessed them. Perez-Guerrero, 334 F.3d at 783. The firearm enhancement was warranted.

The Court further increased petitioner's sentence by two levels based on petitioner's obstruction of justice, pursuant to U.S.S.G. § 3C1.1. At trial, petitioner testified under oath that he bought small amounts of marijuana from Connor. The Court concluded this testimony was false and was offered to confuse the jury, which had already heard evidence of petitioner's repeated large-scale marijuana sales to Connor. S. 20. A court may apply this enhancement "if a defendant testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake." United States v. Aguilar-Portillo, 334 F.3d 744, 748 (8th Cir. 2003). Such was the case here.

The facts support the firearm and obstruction enhancements. Accordingly, even if petitioner's assertion that trial counsel failed to argue against the enhancements was accurate – which it is

not[3] - petitioner can show no prejudice.

Finally, petitioner suggests trial counsel was ineffective in failing to preserve petitioner's ability to make a Sixth Amendment challenge to facts found at sentencing. This claim is unavailing.

When petitioner was sentenced in February, 2004, the United States Supreme Court had decided Apprendi v. New Jersey, 530 U.S. 466 (2000), which held the Sixth Amendment required facts (other than a prior conviction) resulting in a sentence more severe than the statutory maximum to be proved to a jury beyond a reasonable doubt. Id. at 490. At the time of trial in this matter, the Eighth Circuit had applied Apprendi to drug quantities. See United States v. Nicholson, 231 F.3d 445, 453 (8th Cir. 2000). Accordingly, the jury at petitioner's trial was asked to determine the quantity of drugs for which petitioner was responsible, and specifically found petitioner was responsible for more than 1,000 kilograms of marijuana.

But at the time of this sentencing, other factors affecting a sentence -- such as questions of obstruction and possession of a dangerous weapon -- could be found by the Court by a preponderance of the evidence. Ultimately, the United States Supreme Court would decide United States v. Booker, 543 U.S. 220 (2005), extending Apprendi to sentences under the federal Sentencing Guidelines.

---

[3] See S. at 6-12; see also Defendant's Position with Respect to Sentencing, Docket No. 69, at 4-7; Defendant's Supplemental Position with Respect to Sentencing, Docket No. 71, Exhibit A.

There, the Court held that "[A]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 244.

Petitioner's trial counsel could not have predicted the path the Supreme Court would choose to reach Booker, and his failure to argue that Apprendi applied to facts other than drug quantity is not ineffective assistance of counsel. Petitioner characterizes this as a failure to preserve a Sixth Amendment argument, which he claims renders counsel's representation ineffective. Petitioner is wrong. Trial counsel is not ineffective for failure to anticipate a future development in the law. Schawitsch v. Burt, 491 F.3d 798, 804 n. 3 (8th Cir. 2007).

Again, petitioner can show no prejudice. Booker was decided while petitioner's direct appeal was pending, so he had the opportunity to raise the issue before the Eighth Circuit. Petitioner's Booker claim was raised, and rejected, by the Court of Appeals. Hull, 419 F.3d at 771. For this reason, petitioner can show no prejudice resulting from trial counsel's failure to anticipate Booker.[4]

---

[4]Nor may petitioner religitate in a § 2255 petition an issue decided against him on direct appeal. English v. United States, 998 F.2d 609, 612-13 (8th Cir. 1993).

Petitioner received a fair trial and a sentence which was in accord with applicable law.  He has entirely failed to show that either trial or appellate counsel provided constitutionally ineffective representation. Accordingly, his petition under § 2255 fails.

The Court has considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).  In that context, the Court concludes that no issue raised in this petition is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted).  Petitioner has not made the "substantial showing that a federal right has been denied" necessary for the issuance of a COA.  Id.; see also 28 U.S.C. § 2253(c)(2).

B.  Application to Proceed In Forma Pauperis

Petitioner is not required to pay a filing fee to file a motion under 28 U.S.C. § 2255.  Accordingly, petitioner's application to proceed in forma pauperis is denied as moot.

III. Conclusion

For all the above reasons, petitioner's brief in response to the government's response [Docket No. 95] is accepted; petitioner's motion under 28 U.S.C. § 2255 [Docket No. 90] is denied; and petitioner's application to proceed in forma pauperis [Docket No. 91] is denied as moot.  No certificate of appealability will issue.

11

IT IS SO ORDERED.

Dated:  March 17, 2008

<u>s/ James M. Rosenbaum</u><br>
JAMES M. ROSENBAUM<br>
United States Chief District Judge